UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRELL HAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-576 RM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Terrell Hawkins, a *pro se* prisoner, filed a petition for writ of habeas corpus challenging the prison disciplinary hearing in which the Disciplinary Hearing Officer at the Indianapolis Re-Entry Education Facility found him guilty of Use and/or Possession of Cellular Telephone or Other Wireless or Cellular Communications Device in violation of A-121 on August 14, 2015. He was sanctioned with the loss of 120 days earned credit time and demoted from Credit Class 1 to Credit Class 2. Mr. Hawkins presents two grounds but both argue that there was insufficient evidence to have found him guilty.

He argues that "The evidence does not establish guilt of the offense charged." DE 1 at 2. He also argues that "Indiana Department of Corrections Policy definition fails to satisfy the requirement of the alleged violation of Possession/Use of a cellular device." "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999)

(quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

The conduct report states, "On the above date of Wednesday August 12, 2015 at approx. 3:00 pm, I, C. Thompson, was searching through a cell phone that was found by staff in the unit 8-C2 day room. One number that was in the phone was 317-493-6420. When that number was ran through the offender phone system it came back to Joyce Ann. That number is on the phone list for Offender Hawkins, Terrell 964523 and has been called on the offender phones since Offender Hawkins has been at IREF." DE 1-1 at 1. Mr. Hawkins argues that he can't be found guilty because the phone wasn't found with his possessions and because he wasn't seen using it. Direct evidence of his use of the phone isn't needed to sustain a finding of guilt in a prison disciplinary hearing. A number from Mr. Hawkins's phone list was found on the phone. Based on that, it was not arbitrary for the hearing officer to have inferred that it was Mr. Hawkins who participated in that phone call and

to have concluded that he had used that phone. That's not the only possible way that number might have appeared in the call history of the phone, but "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. at 457. The evidence was sufficient to have found Mr. Hawkins guilty.

For these reasons, the petition for a writ of habeas corpus is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and this case is DISMISSED.

SO ORDERED

ENTERED: April  18 , 2016.

                                              /s/ Robert L. Miller, Jr.  
                                            Judge  
                                            United States District Court